# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Esther Abdel,

          Plaintiff,

v.

U.S. Bank and Hartford Comprehensive
Employee Benefit Service Company, and
Hartford Financial Services Group, Inc.,

          Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 04-4019 ADM/AJB

---

Richard T. Wylie, Esq., Wylie Law Office, Minneapolis, MN, for and on behalf of Plaintiff.

Eric C. Tostrud, Esq., and Susan E. Ellingstad, Esq., Lockridge Grindal Nauen P.L.L.P.,
Minneapolis, MN, for and on behalf of Defendants.

---

## I. INTRODUCTION

On July 13, 2005, oral argument before the undersigned United States District Judge was

heard on Defendants' Motion for Summary Judgment [Docket No. 8]. Esther Abdel ("Plaintiff")

in her Complaint [Docket No. 1], asserts a claim for wrongful denial of long-term disability

("LTD") benefits under the Employment Retirement Income Security Act of 1976 ("ERISA"),

29 U.S.C. § 1132(a)(1)(B), against her former employer, U.S. Bank, and the fiduciary companies

of Hartford Comprehensive Employee Benefit Service Company, and Hartford Financial

Services Group, Inc. (collectively, "Defendants"). Defendants assert Plaintiff is legally barred

from seeking relief as a result of, inter alia, a release signed by Plaintiff, and by the statute of

limitations. At the hearing, Defendant Hartford Company was dismissed without contest. For

the reasons set forth below, Defendants' Motion for Summary Judgment is granted.

## II.  BACKGROUND

Plaintiff was employed by Defendant U.S. Bank.  On August 2, 1999, Plaintiff commenced twelve weeks of short-term disability leave as a result of medical concerns.  Plaintiff subsequently saw her physician, Dr. Mikhail, who diagnosed Plaintiff as suffering from an anxiety disorder.  Defendant Hartford Comprehensive Employee Benefit Service Company ("CEBSCO") informed Plaintiff that due to the nature of her condition, Plaintiff's disability benefits would last twenty-four months.  Plaintiff received disability benefits until she returned to work on May 29, 2000.  However, on August 30, 2000, Plaintiff again left her position with U.S. Bank as a result of the same condition, and again applied for disability benefits.

On November 6, 2000, CEBSCO notified Plaintiff that because she left her position for the same condition as her previous absence, the total time Plaintiff would receive disability benefits would be combined with the Plaintiff's previous period of absence, thus allowing Plaintiff a total of twenty-four months of benefits for the single medical condition.  On March 1, 2002, CEBSCO notified Plaintiff that her twenty-four months of applicable mental illness disability benefits had expired.

Plaintiff appealed the decision not to grant her further LTD benefits.  On October 16, 2002, CEBSCO denied Plaintiff's appeal.  On June 3, 2003, Plaintiff and Defendant U.S. Bank entered into a settlement agreement in which Plaintiff specifically released Defendant U.S. Bank from "any and all claims, actions, causes of action, administrative claims, individual or class action claims, or demands of any kind whatsoever she has or might have against [U.S. Bancorp]."  Ellingstad Aff. [Docket No. 11] Ex. 4.  The settlement agreement also specifically states that Plaintiff was releasing Defendant U.S. Bank from all ERISA claims relating to her

2

employment to date.  Id.  Plaintiff filed this ERISA action on August 6, 2004 in a Minnesota

state district court.  The case was removed by Defendants to this court on September 3, 2004.

### III.  DISCUSSION

**A.      Summary Judgment Standard**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see Matsushita Elec.

Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

**B.      Defendants' Motion for Summary Judgment**

**1.      Release of ERISA Claims in Settlement Agreement**

Defendants assert that Plaintiff's Complaint should be dismissed because Plaintiff, in a

June 2003 settlement agreement, expressly released all ERISA claims against Defendant U.S.

Bank in exchange for a monetary settlement.  The settlement agreement states: "[t]his Release

includes, without limiting the generality of the foregoing, any claims Abdel may have . . . under

any federal, state, or local statute or ordinance prohibiting discrimination in employment,

including any claims for discrimination arising under . . . the Employee Retirement Income

Security Act of 1976. . . ."  Ellingstad Aff. Ex. 4.  Plaintiff contends that the provision upon

which Defendants rely does not release Defendants from the instant ERISA claim.  Plaintiff

asserts that while certain ERISA claims may be released, the settlement agreement expressly

reserved the Plaintiff's right to "employee benefits, if any, payable after the termination of

3

employment," thereby preserving Plaintiff's right to file suit in this action.  Id.

It is well settled that ERISA claims can be released and enforced as a result of a valid settlement agreement.  See Seaman v. FMC Corp. Retirement Plan for Hourly Employees, 334 F.3d 728, 731-32 (8th Cir. 2003); Leavitt v. Northwestern Vell Tel. Co., 921 F.2d 160, 162 (8th Cir. 1990);  Spitzmueller v. Burlington N. R.R., 740 F. Supp. 671, 676 (D. Minn. 1990). Therefore, the Court must construe the terms of the settlement agreement.

When reading a release such as the one in this case, general rules of contract construction must be applied to determine the effect of the contract.  Gilbert v. Monsanto Co., 216 F.3d 695, 700 (8th Cir. 2000); NLRB v. Superior Forwarding, Inc., 762 F.2d 695, 697 (8th Cir. 1985).  The parties agree that specific contractual provisions take precedence over more general provisions. Furthermore, Plaintiff properly asserts that when analyzing a contract, no provision should be read in a way which renders another provision meaningless.  Opus Corp. v. Int'l Bus. Machs, Inc., 141 F.3d 1261, 1266 (8th Cir. 1998).

Applying these canons of construction to the facts of the case at hand, if the specific provision of the settlement agreement which releases all ERISA claims is given precedence over the more general employee benefit provision, the more general provision retains purpose and effect.  The employee benefits provision from the settlement agreement can be broadly construed to reserve many rights for Plaintiff, however, these rights cannot supercede the rights agreed to in the specific provisions.

Conversely, if the general provision is given precedence, the more specific contractual provision which releases all ERISA claims becomes meaningless because the general provision would allow such claims.  To interpret the settlement agreement in this manner would violate

general rules of contract construction.  Thus, the specific provision which releases Defendant

U.S. Bank from all ERISA claims must be given precedence.

Consequently, by entering into a valid settlement agreement with Defendant U.S. Bank,

Plaintiff elected to release Defendant U.S. Bank from all potential ERISA claims.  By accepting

the monetary settlement, Plaintiff forfeited her right to file suit under ERISA against Defendant

U.S. Bank.  Finding no genuine issues of material fact, Defendants' Motion for Summary

Judgment is granted.

### 2.      Statute of Limitations

Even if the settlement agreement did not waive Plaintiff's ability to bring this ERISA

action, Plaintiff's claim also fails because it is not timely.  Plaintiff and Defendants agree there is

no statute of limitations within ERISA, and that the two-year statute of limitations prescribed in

Minn. Stat. § 541.07(5) is the appropriate state statute to apply to ERISA actions in Minnesota.

See Cavegn v. Twin City Pipe Trades Pension Plan, 223 F.3d 827, 830 (8th Cir. 2000); see also

Adamson v. Armco, Inc., 44 F.3d 650, 652 (8th Cir. 1995).  Since Plaintiff's claim is subject to a

two-year statute of limitations, the issue of when the statute accrues is paramount.

It is well settled in the Eighth Circuit that a beneficiary's cause of action accrues when

the fiduciary has clearly represented to the beneficiary that the fiduciary has repudiated the

beneficiary's right to benefits, regardless of whether this repudiation occurs prior to any formal

claim.  Union Pac. R.R. Co. v. Beckham, 138 F.3d 325, 331 (8th Cir. 1998), cert denied, 525

U.S. 817 (1998); see Schroeder v. Phillips Petroleum Co., 970 F.2d 419, 420 (8th Cir.1992)

(finding that a cause of action accrued when beneficiaries were clearly aware that they would not

receive benefits, despite fact that beneficiaries had not yet filed applications for benefits).

Upon review of the facts in this case, it is apparent in a letter dated February 25, 2000, that Defendants clearly conveyed to Plaintiff that due to the nature of her disability, Plaintiff's "[p]lan limits benefits to twenty-four months . . . . Therefore the maximum date through which you may be eligible to receive[] LTD benefits is November 12, 2001."  Ellingstad Aff. Ex. 15. This letter serves as proper notice to Plaintiff of the Defendants' repudiation of Plaintiff's current or future claims and established February 25, 2000 as the date when the two-year statute of limitations began to run.  Furthermore, over the course of the intervening two years Defendants on numerous occasions notified Plaintiff that her benefits were ending or had expired, all of which served as clear repudiation that would commence accrual of the two-year statute of limitations, thereby barring Plaintiff's current claim, which was not filed until August 2004.  Id. at Exs. 16, 20, 22, 24.

Plaintiff's case is thwarted both by her release of ERISA claims in a previously settlement agreement with Defendants and by her failure to file her action prior to the expiration of the applicable statute of limitations.[1]

---

[1] Although the merits of Plaintiff's claims are not reached, the Court has serious doubts as to their viability even without the procedural obstacles to their consideration.

**IV. CONCLUSION**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1. Defendants' Motion for Summary Judgment [Docket No. 8] is **GRANTED**; and

2. Plaintiff's Complaint [Docket No. 1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

> BY THE COURT:
>
>
>      s/Ann D. Montgomery
> ANN D. MONTGOMERY
> U.S. DISTRICT JUDGE

Dated: August 11, 2005.